# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| ENVIROPAK CORPORATION, | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No. | 4:14CV00754 ERW |
| ZENFINITY CAPITAL, LLC, *et al.*, | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on "Plaintiff's Motion to Compel Defendant's Discovery Responses" [ECF No. 31].

## I. BACKGROUND

This lawsuit arises out of negotiations between Defendant Zenfinity Capital, LLC, and Plaintiff EnviroPAK Corporation, a manufacturer of protective molded pulp packaging. Plaintiff alleges it was contacted by Defendant, in May 2013, regarding a proposal to purchase Plaintiff. Plaintiff contends, to aid in the negotiation process, the parties entered into a "Mutual Confidentiality Agreement," which prohibited Defendant's disclosure and use of "Confidential Information," including customer information and proprietary information. The Mutual Confidentiality Agreement dictated neither party would interfere with the employment relationships of the other party's employees. Plaintiff states it rejected Defendant's ensuing purchase offer in July 2013.

In April 2014, Plaintiff initiated this lawsuit by filing its "Complaint" [ECF No. 1]. The Complaint asserted two breach of contract claims (Counts I and II), a claim for tortious interference with a business relationship (Count III), and a violation of the Missouri Uniform

Trade Secrets Act for misappropriation of trade secrets (Count IV). Specifically, Plaintiff alleged Defendant violated the Mutual Confidentiality Agreement by hiring Plaintiff's then-Vice President of Manufacturing, Rodney Heenan, who was previously bound by a "Confidentiality, Non-Disclosure, and Non-Compete Agreement" with Plaintiff. Plaintiff also alleged Heenan has disclosed, and continues to disclose, confidential information to Defendant, including trade secrets and customer information.

Amended Complaint and Amended Case Management Order:

On September 30, 2014, Plaintiff filed its "Motion for Leave to File its First Amended Complaint, Motion to File its First Amended Complaint Under Seal" [ECF No. 36]. The same day, Plaintiff also filed its "Motion to Reassign the Case to Track 3 or, in the Alternative, Extend the Discovery Deadlines" [ECF No. 37].

Plaintiff's "First Amended Complaint" [ECF No. 41], filed October 2, 2014, includes additional defendants and additional claims. Specifically, Plaintiff now brings claims against (in addition to the original defendant Zenfinity Capital, LLC) Zenfinity Capital Group, LLC ("Zenfinity Group"); Footprint, LLC; Footprint MX S. De. R.L. de C.V.; and Jared Bearinger (a/k/a Gene Bearinger). Count I of the Amended Complaint is a breach of contract claim against Defendant [ECF No. 41 at 13]. Count II alleges "tortious interference with business relationships and contracts" by all defendants [ECF No. 41 at 14]. Count III is a separate allegation of "tortious interference with a contract" against Zenfinity Group, Footprint, Footprint MX, and Bearinger [ECF No. 41 at 17]. Count IV alleges violations of the Missouri Uniform Trade Secrets Act by Zenfinity and Bearinger [ECF No. 41 at 18]. Count V alleges all defendants engaged in "civil conspiracy to violate the Missouri Uniform Trade Secrets Act" [ECF No. 41 at 20]. Count VI alleges all defendants engaged in "civil conspiracy to tort[i]ously

interfere with contracts" [ECF No. 41 at 21].  Finally, Count VII alleges the violation of the Sherman Anti-Trust Act by all defendants [ECF No. 41 at 22].[1]

On October 10, 2014, this Court granted Plaintiff's Motion to Extend the Discovery Deadlines [ECF No. 48].  Accordingly, the Court issued its "Amended Case Management Order" that same day [ECF No. 47].

Motion to Compel:

On May 23, 2014, Plaintiff served Defendant with its "First Set [of] Interrogatories of Documents to Defendant" [ECF No. 39-3] and "First Request for Production of Documents to Defendant" [ECF No. 39-2].  Among other things, Plaintiff requested "[a]ll communication and documents to, from, or related to Plaintiff whether oral, written or recorded in any way including all memorandum, notice of other documents memorializing conversations between Plaintiff and Defendant" (Request 1); "[a]ll communication and documents to, from, or related to Rodney Heenan whether oral, written or recorded in any way including all memorandum, notice of other documents memorializing conversations between Plaintiff and Rodney Heenan" (Request 2); "[a]ll documents received by Defendant or any affiliated companies (including Footprint, LLC) from Rodney Heenan" (Request 3); "[a]ll communication and documents to, from, or related to current or former employees of Plaintiff whether oral, written or recorded in any way including all memorandum, notice of other documents memorializing conversations between Plaintiff and current or former employees of Plaintiff" (Request 4); "[a]ll communication and documents to, from, or related to current or former customers of Plaintiff whether oral, written or recorded in any way including all memorandum, notice of other documents memorializing conversations between Plaintiff and current or former customers of Plaintiff" (Request 5); "[a]ll

---

[1] It is worth noting Defendant filed its Response to this pending Motion [ECF NO. 39] prior to Plaintiff filing its Amended Complaint.

communication and documents related to the Zenfinity Agreement attached as Exhibit A to Plaintiff's Complaint" (Request 6); "[a]ll documents related to Defendant's corporate structure or ownership, including, but not limited to, Articles of Organization, Certificates of Organization, and operating Agreements" (Request 7) [ECF No. 39-2 at 1-3]. Additionally, the the interrogatories included the following questions:

> 2. Is Defendant aware of any statement(s) made by Plaintiff or any of its officers or agents regarding the occurrences mentioned in Plaintiff's Complaint whether oral, written or recorded in any way including but not limited to, stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording transcription thereof? If so, please state the following: . . . [Plaintiff then requests additional information about the statements] . . .
> 5. List and identify all affiliates and subsidiaries of Defendant (including but not limited to Footprint, LLC, ERI Mexicali, Footprint MX S.de.R.L.ed C.V., and Footprint US) and for each state: . . . [Plaintiff then requests additional information about the affiliates/subsidiaries] . . .
> 8. Describe all communication, written or oral, between Defendant and any current or former employees of Defendant, including in your description the name of that employee and the date and subject matter of each communication.

[ECF No. 39-3 at 7-9]. On July 9, 2014, Defendant provided responses to Plaintiff's discovery requests [ECF No. 31-1].

On August 15, 2014, this Court issued a "Confidentiality and Protective Order" [ECF No. 25]. After a joint motion by the parties, the Court issued an "Amended Confidentiality and Protective Order" [ECF No. 27]. The Amended Protective Order covered the "designation of confidential information," "access to confidential information," and "use of confidential information." One provision particularly relevant to the pending motion states:

> Certain information constituting trade secrets or other highly confidential documents and information and confidential internal business communications not publicly known or disseminated may be designated as "Confidential – Attorneys' Eyes Only" by any named party or by any non-party to the litigation producing documents or things in connection with the litigation.

[ECF No. 27 at ¶ 13]. The provision goes on to state, "Such documents, information, or

testimony shall not be disclosed to any person other than counsel, in-house counsel, their co-counsel, partners, associates and other firm employees who are assisting with this litigation" [ECF No. 27 at ¶ 13]. Subsequent to the issuance of the Amended Protective Order, Defendant provided Plaintiff with supplemental discovery responses on September 5 and September 11 [ECF No. 31-9]. On September 19, Plaintiff filed its pending "Motion to Compel Defendant's Discovery Responses" [ECF No. 31].

In its motion, Plaintiff contends Defendant's discovery responses from July 9, September 5, and September 11 are "deficient" [ECF No. 31 at ¶¶ 3, 15, and 21]. Plaintiff has informed Defendant of the supposed deficiencies, and the parties have "met and conferred" (via telephone conference) or communicated through other means (such as letters and e-mails) multiple times to discuss the relevant discovery disputes [ECF No. 37 at ¶¶ 4-25; see Nos. 31-2, 31-3, 31-4, 31-6, 31-7, 31-8, 31-10]. Thus, Plaintiff concludes it has made good faith attempts to resolve the dispute without court action, and believes the parties cannot resolve this dispute without the assistance of the Court [ECF No. 37 at ¶¶ 26, 28].

Specifically, Plaintiff seeks Court intervention with regard to four different areas. First, Plaintiff argues Defendant's "boiler-plate objections," combined with its "production of documents without any explanation as to what is withheld," are improper and constitute a waiver of Defendant's objections [ECF No. 32 at 2].[2] Citing several district court cases from outside

---

[2] For instance, in its response to Request 1, Defendant states:
"Defendant objects to this request to the extent that it is unduly burdensome, overly broad and seeks documents that are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request insofar as it seeks Defendant's internal confidential business discussions and production of information protected from disclosure by the attorney client privilege or the work product doctrine. . . . Without waiving such objections, see the attached responsive documents Zenfinity 001-008, 021-115" [ECF No. 31-1 at 11].

the Eighth Circuit, Plaintiff argues "the filing of boilerplate objections which provide no specificity as to which responsive documents or information is being withheld pursuant to the objection [is] inappropriate" and results in the waiver of those objections [ECF No. 32 at 2, 5]. Plaintiff asks the court to "order Defendant to withdraw its objections to Requests 1-3, 6-7, and 9[3] and Interrogatories 2, 4-7, and 10 and produce the responsive documents and information" [ECF No. 32 at 5].

Defendant responds by noting it withdrew these objections to Interrogatories 4, 6, and 7 in its supplemental discovery response [ECF No. 39 at 2; 39-1 at 4-6]. Further, with regard to the objections it has not withdrawn, Defendant cites district court cases from both within and without the Eighth Circuit in arguing its objections have not been waived [ECF No. 39 at 2-3]. Moreover, Defendant argues Federal Rule of Civil Procedure 33 expressly allows simultaneous objections and answers [ECF No. 39 at 2]. Additionally, Defendant states it has already provided "all non-privileged emails known to be responsive to these requests," noting Plaintiff has not identified why Defendant's "responses are deficient, what additional information they are seeking, and it is unclear what [P]laintiff is seeking in response to these requests" [ECF No. 39 at 3-4]. In its reply [ECF No. 46], Plaintiff discusses and clarifies the cases cited by Defendant [ECF No. 46 at 3-5].

Second, Plaintiff argues Defendant asserted various "improper objections" to Requests 3-6 and Interrogatories 4-7[4] [ECF No. 32 at 5]. These "improper" objections include: "assumes facts not in evidence"; "seeks discovery from a non-party to this lawsuit"; "seeks documents not

---

[3] Plaintiff's Motion to Compel and Memo in Support are inconsistent on this fact. The Memo references Request 9 [ECF No. 32 at 5], and the Motion does not [ECF No. 31 at ¶ 3a].

[4] Plaintiff's Motion to Compel and Memo in Support are inconsistent on this fact. The Motion references Interrogatories 4-7 [ECF No. 31 at ¶ 3b], and the Memo references Interrogatories 4-5 [ECF No. 32 at 5].

in Defendant's possession, custody or control"; and "seeks information equally available in public records" [ECF No. 32 at 5]. Again, Plaintiff asks the Court to "order Defendant to withdraw its improper objections to Requests 3-6 and Interrogatories 4-5 and produce the responsive documents and information" [ECF No. 32 at 6].

In response, Defendant states it has withdrawn all objections on the basis of assuming facts not in evidence [ECF No. 39 at 5]. Additionally, Defendant claims it "did not raise these objections in regard to [P]laintiff's Interrogatories Nos. 4 and 5 and Request for Production No. 6" [ECF No. 39 at 4]. Defendant adds it "withdrew all objections to Interrogatory No. 4 and answered" it [ECF Nos. 39 at 4; 39-1 at 4], noting it also "answered Interrogatory No. 5 subject to a limited objection, provided a substantive response to the interrogatory, and provided underlying documents in response to the request for production" [ECF No. 39 at 4; 39-1 at 5]. Further, Defendant contends Requests Nos. 3-5 do in fact ask for documents "outside the control of" Defendant (regardless of Plaintiff's claims to the contrary)[5] [ECF No. 39 at 4; 39-2 at ¶¶ 3-5]. Defendant also clarifies its "public records" objection (to Interrogatory 5) by stating it made the objection "on the basis that it does not control these documents [which are] in the public domain" [ECF No. 39 at 5; 31-1 at 5]. Finally, with regard to Interrogatory 5 and Request 6, Defendant states Plaintiff has not explained what information it wants that has not been provided [ECF No. 39 at 4-6].

Third, Plaintiff challenges Defendant's relevance objections to Requests 2-7[6] and 9 and Interrogatories 2 and 8 [ECF No. 32 at 6]. Defendant objected on this basis in response to Plaintiff's request for "information regarding Defendant's contact with Plaintiff's employees

---

[5] Plaintiff claims its Requests "merely seek[] documents in the control of or information known to those requested" [ECF No. 32 at 6].
[6] Once again, Plaintiff's Motion and Memo are inconsistent. The Motion references Requests 4-7 [ECF No. 31 at ¶ 3b], and the Memo references Requests 2-7 [ECF No. 32 at 6].

(Interrogatory 8; Request 4), information regarding Defendant's communications with Plaintiff's customers (Request 5), information regarding Defendant's contact with Rodney Heenan (Request 2), information regarding contact with Rodney Heenan by Defendant's affiliates (Request 3), and information regarding an agreement to which Plaintiff is alleging Defendant breached, the Zenfinity Agreement (Request 6)" [ECF No. 32 at 7; see 31-1 at 6, 11-13]. Plaintiff argues because this lawsuit "surrounds Defendant's improper solicitation of Plaintiff's employees, Defendant's improper solicitation of Plaintiff's customers, Defendant's or its affiliates['] improper employment of Rodney Heenan, and the breach of the Zenfinity Agreement, these requests could certainly reasonably lead to the discovery of information related to an issue in this case" [ECF No. 32 at 7]. Defendant also made relevance objections to Requests 7 and 9 (Plaintiff's request for documents related to Defendant's corporate structure or ownership and Defendant's relationship with Footprint, LLC) [ECF No. 32 at 7; see 31-1 at 14]. Plaintiff argues because the Zenfinity agreement applied to "affiliates, employees, members, managers, subsidiaries, affiliated entities, officers, directors, partners, shareholders, agents, attorneys, accountants or advisors," the requested information is "likely to lead to the discovery of admissible evidence" [ECF No. 32 at 7]. Finally, Plaintiff argues Defendant's final relevance objection (in response to Interrogatory 2) is improper because Interrogatory 2 only asks for statements relating to this lawsuit [ECF No. 32 at 8]. Accordingly, Plaintiff asks the Court to order Defendant to withdraw its relevance objections to these requests and interrogatories "and produce the responsive documents and information" [ECF No. 32 at 8].

In response, Defendant emphasizes the breadth of Plaintiff's requests and discusses the disclosures it has already made [ECF No. 39 at 6]. Specifically, Defendant argues Interrogatory 8 (seeking all communications between Defendant and any current or former employee of

Plaintiff) lacks proper limitations, adding it "has reviewed its email system and provided all reasonably responsive non-privileged emails responsive to this Interrogatory" [ECF No. 39 at 6]. Similarly, Defendant emphasizes the lack of time or topic limits applicable to Request 4 (seeking "all communications and documents to, from, or related to current or former employees of Plaintiff"), but notes it has "provided all reasonably non-privileged emails to Plaintiff" [ECF No. 39 at 7]. In response to a similarly-broad Request (No. 5) involving communications between Plaintiff and its customers, Defendant simply states the request is beyond the scope of the litigation [ECF No. 39 at 7]. Regarding Request 2 (relating to Plaintiff's conversations with Rodney Heenan), Defendant states it has provided Plaintiff with "reasonably responsive non-privileged emails" [ECF No. 39 at 7]. Regarding Interrogatory 2, Defendant states it "provided a supplemental response clarifying that responsive documents were produced along with defendant's responses to the requests for production" [ECF No. 39 at 6]. Finally, Defendant states it has provided responses to Requests 7 and 9 and has not been told by Plaintiff what information it is seeking that is not otherwise included in these responses [ECF No. 39 at 7-8].

Finally, Plaintiff claims Defendant has improperly used the "Attorney's Eyes Only" designation on certain documents. According to Plaintiff, Defendant's supplemental production "utilize[s] this designation on several e-mail exchanges between Defendant or its affiliates and employees of Plaintiff (at the time they were employed by Plaintiff)" [ECF No. 32 at 8]. Plaintiff argues "[t]hese documents cannot be considered internal business communications or general confidential information as it was being sent to and from Plaintiff's employees" [ECF No. 32 at 8]. Therefore, Plaintiff asks the Court to order Defendant to withdraw the "Attorney's Eyes Only" designation on these documents [ECF No. 32 at 9].

In response, Defendant asserts the documents in question "involve internal business plans

and pricing unrelated to [P]laintiff" [ECF No. 39 at 8]. Further, Defendant claims the documents in question (which involve the business activities of Footprint, LLC) were sent solely to Rodney Heenan, who received these documents "in confidence and outside of his capacity as [P]laintiff's employee" [ECF No. 39 at 8]. Moreover, Defendant states the "documents contain confidential, proprietary information of the Defendant and/or third parties related to business plans, pricing, and design, were maintained in secrecy, and therefore fall under the parameters of the protective order" [ECF No. 39 at 8]. Thus, Defendant argues the documents are "appropriately designated" as "Attorney's Eyes Only" [ECF No. 39 at 9]. In its reply, Plaintiff argues, "Unless Zenfinity is openly admitting that Mr. Heenan was employed by Zenfinity in violation of the Zenfinity Agreement, Zenfinity's communication with Mr. Heenan cannot be considered "internal business communications," contending "it is essential [] EnviroPAK's counsel be able to share the information" with its clients [ECF No. 46 at 7].

In its reply brief, Plaintiff acknowledges "certain discovery responses are no longer in dispute" [ECF No. 46 at 1]. Accordingly, Plaintiff provides a list summarizing its remaining issues with Defendant's supplemental discovery responses [ECF No. 46 at 1-2]. Plaintiff still takes issue with the following aspects of Defendant's responses: (1) In response to Interrogatories 2 and 5 and Requests 1-4, 6, 7, and 9, Defendant used boiler-plate objections followed by the production of documents without any explanation as to what was withheld; thus, Defendant waived its objections to those discovery requests; (2) In response to Request 3, Defendant improperly objected on the grounds it "assumes facts not in evidence"; (3) In response to Interrogatory 5, Defendant improperly objected on the grounds it "seeks information equally available in public records"; (4) In response to Requests 2-4, Defendant improperly objects on the grounds they seek "documents not in Zenfinity's possession, custody, or control"; (5)

Defendant objects to Requests 1-7 and Interrogatories 2 and 8 as irrelevant despite the fact those requests are reasonably calculated to lead to the discovery of relevant information; and (6) Defendant has inappropriately marked certain documents as "Attorney's Eyes Only [ECF No. 46 at 1-2].

On October 15, 2014, the Court conducted a hearing on Plaintiff's Motion to Compel [ECF No. 49]. During the proceedings, the parties (in addition to reiterating arguments from their briefs) discussed the potential overbreadth of certain discovery requests made by Plaintiff. Specifically, Defendant emphasized the ambiguity of the word "related" and questioned Plaintiff's frequent use of the phrase "*all* communications." Plaintiff stated it is willing to attempt to limit the scope of certain interrogatories and requests and work with Defendant to resolve any overbreadth issues. Similarly, regarding Interrogatory 5, Defendant claimed Plaintiff's understanding of the word "affiliated" is too broad, stating it has answered Interrogatory 5 to the extent it believed necessary, but adding it is willing to work with Plaintiff on this issue. With regard to the responses made by Defendant subject to objections, Defendant stated it believes it has provided sufficient responses and has not been told by Plaintiff what additional information it seeks. Plaintiff responded by stating if Defendant believes it has produced everything, it should withdraw its objections. In other words, if Defendant has answered fully, it should so state.

Finally, regarding the "Attorney's Eyes Only" designation, Plaintiff emphasized some of the communications at issue occurred while Rodney Heenan was still employed by Plaintiff (and thus, cannot be confidential), noting some of the e-mails may involve Heenan disclosing sensitive information. Defendant responded by arguing the documents marked as "Attorney's Eyes Only" contain Footprint, LLC's confidential information and should not be shown to

Plaintiff. At the end of the hearing, the parties provided the Court with a copy of each designated document for purposes of in camera review.

**II. RULINGS**

After consideration of the issues, the parties' submissions, and their arguments, the Court grants Plaintiff's Motion to Compel in part.

    1. Waiver of Objections (Interrogatories 2 and 5 and Requests 1-4, 6, 7, and 9)

After reviewing the briefing and hearing oral argument, it is unclear whether Defendant believes it has fully responded to these particular interrogatories and requests. If Defendant's discovery responses (which were made "without waiving" its objections) are in fact complete, the "boiler-plate objections" are moot and should be withdrawn by Defendant. However, if Defendant's responses are incomplete (i.e., Defendant is withholding information based on one of its objections), Defendant must provide Plaintiff with updated responses to these discovery requests within fifteen days, re-stating its objections specifically and making it clear which portions of the Request or Interrogatories Zenfinity found objectionable.

    2. "Assumes Facts Not in Evidence" (Request 3)

Any remaining objection by Defendant, on the basis that a discovery request "assumes facts not in evidence," is rejected. Therefore, Defendant may not rely on that objection to withhold a discovery response. Plaintiff's Motion is granted.

    3. "Seeks Information Equally Available in Public Records" (Interrogatory 5)

In this instance, the Court need not discuss whether such an objection is inherently improper. Here, Defendant has clarified its "public records" objection, stating it made the objection on the basis it does not control the documents requested in Interrogatory 5, which happen to be in the public domain [ECF No. 39 at 5; 31-1 at 5]. Plaintiff's Motion, in this

regard, is denied.

4. "Documents Not in Zenfinity's Possession, Custody, or Control" (Requests 2-4)

During the hearing, Plaintiff stated it is not asking Defendant to provide information to which Defendant does not have access. Rather, Plaintiff wants Defendant to respond to the extent it has access, control, or knowledge. If Plaintiff desires information or documents outside of Defendant's control, it may seek it from Footprint, another defendant, or a non-party with access. From this point forward, Defendant is to interpret Plaintiff's discovery requests as seeking only information to which it has access or knowledge. Based on that understanding, if Defendant does not believe it has access to, control of, or knowledge of the information sought, Defendant must state so, and if, with that caveat, Defendant believes it has answered completely, it must so state.

5. Relevance Objections (Interrogatories 2 and 8 and Requests 1-7)

Federal Rule of Civil Procedure 26(b) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Court notes neither party spent much time at the hearing discussing these relevance objections, but in any case, the Court finds Plaintiff's discovery requests at issue meet the Rule 26(b) standard. Therefore, Defendant may not withhold a response to Plaintiff's current discovery requests based on this objection. On this issue, Plaintiff's Motion is granted.

6. "Attorney's Eyes Only"

On this issue, Plaintiff's Motion is granted in part. The Court will not allow Defendant to

claim communications to or from Rodney Heenan during his employment with EnviroPAK[7] constitute the type of highly confidential documents meant to be protected by the "Attorneys' Eye's Only" designation [*see* ECF No. 27 at 6]. Therefore, Defendant is ordered to withdraw the designation from the portions of Zenfinity 125, 128, 131, 136, and 188 containing communications to or from Heenan, as well as all of Zenfinity 124, 173, 225, and 226. Similarly, because various pages of designated documents contain literally no information at all, Defendant is ordered to withdraw the designation from Zenfinity 221 and 222.

Because of the technical nature of some of the designated documents, the Court is unsure whether they fall under the "Attorney's Eyes Only" description in the Amended Protective Order. Specifically, included in the designated documents are detailed and complex designs for parts, as well as charts, graphs, spreadsheets, and (presumably) PowerPoint presentations. If Defendant desires to maintain its designation of these documents, Defendant is ordered to explain to the Court why such designations should not be removed. Specifically, in order for the Court to have reason to uphold the designation, the Court must understand how these documents relate to the particulars of the relevant product(s) and industry, as well as how these documents constitute Defendant's confidential information.

Further, many of the communications Defendant seeks to designate involve defendant Gene Bearinger, one of the alleged managers of Footprint, LLC. At the hearing, seemingly as a justification for its designations, Defendant claimed the designated communications contained information belonging to Footprint. However, Defendant denies affiliation with Footprint, LLC [ECF No. 39 at 5]. It seems puzzling for Defendant to essentially be claiming confidentiality on

---

[7] In its Amended Complaint, Plaintiff alleges, "On Friday, July 19, 2013, Heenan communicated his intention to terminate his employment with Plaintiff, effective August 2, 2013" [ECF No. 41 at ¶ 47].

behalf of an unaffiliated company. Therefore, regarding any and all designated communications to or from Gene Bearinger (including those with Rodney Heenan after he stopped working for Plaintiff), Defendant is ordered to provide a statement to the Court showing cause as to why the Court should refrain from ordering Defendant to withdraw the designation from these and other third-party statements and communications (and why those communications should not be seen by Plaintiff). Similarly, none of other communications and messages designated by Defendant (e.g., involving Wendy Asher and Jason Wu) appear to be confidential in nature. Again, if Defendant desires to maintain its designation of such communications, Defendant is ordered to explain to the Court why such designations should not be removed (especially as it concerns Defendant's confidentiality concerns).

In sum, on their face, none of the designated documents appear to the Court to inherently necessitate the "Attorney's Eyes Only" designation, and for the communications at issue here (other than those from which the Court is already requiring Defendant to withdraw the designation), Defendant must, within ten days, make a filing with the Court showing cause for why Plaintiff's counsel should not be able to share said communications with their client. Because of the potentially sensitive nature of these communications, the Court grants Defendant leave to file its response to this Order under seal.

7. Overbreadth (Interrogatories 2, 5, and 8 and Requests 4 and 5)

Although this was not listed by Plaintiff in its Reply as one of the remaining issues, Defendant initiated discussion of its overbreadth objections at the hearing, and the Court has found some of Plaintiff's Interrogatories and Requests to be overbroad and in need of more limiting language. For instance, Plaintiff should amend Request 4 and Interrogatory 8 by attempting to identify particular individuals (as opposed to "all" current or former employees)

and providing time and subject matter restrictions that more directly relate to Plaintiff's claims. Similarly, Plaintiff should amend Request 5 to include a time limitation. For instance, because Plaintiff clarified the purpose of this request at the hearing (i.e., solicitation of customers in violation of Rodney Heenan's agreement with Plaintiff), the request should limit the request to communications occurring within the sixty day period before Heenan began working for Defendant, and any time after. Finally, as a general matter, the Court also finds Interrogatory 2 to be overbroad and unduly burdensome, and the Court informed the parties of this finding at the hearing.

If Plaintiff desires further information from Defendant in response to these overbroad requests and interrogatories, Plaintiff should, within seven days, re-draft and re-submit these discovery requests to make them appropriately and narrowly tailored. In this way, Plaintiff will be provided the discoverable information to which it is entitled, and Defendant will be able to provide the information without being required to exert undue effort.

Finally, during the "overbreadth" discussion at the hearing, it became clear the parties desire different interpretations of the term "affiliated," as used in Interrogatory 5 and elsewhere in Plaintiff's discovery requests. Thus, the Court orders both parties to file with the Court, within five days, their preferred definition of the terms "affiliate," "affiliated," or any other forms of the root word. The Court will thereafter define such terms for the purpose of this litigation.

8. Attorney's Fees

In its Motion, Plaintiff asks the Court to order Defendant to pay for Plaintiff's reasonable costs and attorney's fees "incurred in presenting this Motion" [ECF No. 31 at 6]. On this issue, the Plaintiff's Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff's Motion to Compel Defendant's Discovery Responses" [ECF No. 31] is **GRANTED in part**.

Dated this 22nd Day of October, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE