# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| ENVIROPAK CORPORATION, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 4:14CV00754 ERW |
| | ) | | |
| ZENFINITY CAPITAL, LLC, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on both parties' responses to the Court's Memorandum and Order dated October 22, 2014 [ECF Nos. 55, 57, 59].

## I.  BACKGROUND

On October 15, 2014, the Court conducted a hearing on Plaintiff's Motion to Compel [ECF No. 49]. The Court issued an Order granting Plaintiff's Motion, in part, on October 22 [ECF No. 54] and instructing the parties to file various responses. Pursuant to that Order, both parties have filed a proposed definition of the term "affiliated" for purposes of discovery responses and this litigation as a whole [ECF Nos. 55, 57]. Also pursuant to the Court's Order, Defendant has filed a Response arguing for the continued designation of certain documents as "Attorneys' Eyes Only" ("AEO") [ECF No. 59]. In replying to Defendant's Response regarding the AEO designation, Plaintiff now takes issue with two more documents designated by Defendant as "AEO" (Zenfinity 241 and 282). Plaintiff did not object to the designation of these two documents in its previous Motion to Compel, but it now argues the documents "do not constitute the type of highly confidential documents meant to be protected" by the AEO designation [ECF No. 65 at 6]. With regard to these two designations, to which Plaintiff has not

previously objected, the Court will reserve judgment as to the propriety of the designations until Defendant has had a chance to file a responsive brief on the issue. Therefore, for purposes of this Order, any further reference to or rulings on designated documents apply only to the designations to which Plaintiff originally objected in its Motion to Compel. In other words, the rulings that follow do not apply to Zenfinity 241 and 282.

## II. RULINGS

### A. "Attorneys' Eyes Only"

After consideration of the issues and the parties' submissions, the Court orders Defendant to remove the "Attorneys' Eyes Only" designation from all remaining documents so designated to which Plaintiff objected in its Motion to Compel.[1] In its preceding Order, in directing Defendant to explain why the designations should remain, the Court expressed concern over Defendant's attempt "to essentially be claiming confidentiality on behalf of an unaffiliated company" [ECF No. 54 at 14-15].[2] Here, Defendant's Response fails to clearly state how the information at issue is specifically confidential to Zenfinity Capital, LLC (as opposed to other parties). For example, Defendant states certain product information belongs to "a different company . . . indisputably unrelated to any of the parties in this case" [ECF No. 59 at 2]. Similarly, Defendant generally seeks to protect production, profit, and volume information for products "produced or under consideration b*y one or more of the defendants in the Amended Complaint*" [ECF No. 59 at 2]. This, too, lacks specificity. Thus, the Court remains

---

[1] Again, this ruling does not apply to the designations to which Plaintiff has only recently objected (Zenfinity 241 and 282).
[2] Earlier in the Order, regarding some of the more technical drawings at issue, the Court stated, "Specifically, in order for the Court to have reason to uphold the designation, the Court must understand how these documents relate to the particulars of the relevant product(s) and industry, *as well as how these documents constitute Defendant's confidential information*" [ECF No. 54 at 14 (emphasis added)].

unconvinced Defendant should be permitted to designate documents as "Attorneys' Eyes Only" on behalf of other parties, and Defendant is ordered to remove all such designations at issue here.[3]

In addition to the aforementioned reasons relating to Defendant's failure to establish specific confidentiality, the Court also believes Defendant's AEO designation of certain documents to be unwarranted based on the logic of its previous ruling. Many of the technical documents still at issue here were included as attachments in communications sent either to or from Rodney Heenan during Heenan's employment with Plaintiff. However, this Court has already found "communications to or from Rodney Heenan during his employment with EnviroPAK" to be undeserving of the AEO label [ECF No. 54 at 14]. Here, the Court expressly states what its previous ruling suggests: the attachments to these e-mails should no longer be designated as AEO (for the same reasons the e-mails themselves should not be so designated). Further, the fact such information was sent to Heenan during his employment with Plaintiff is counter-intuitive to any argument by Defendant that such information is confidential enough for the AEO designation.

### B. *Definition of "Affiliated"*

Regarding the definition of the terms "affiliate," "affiliated," or any other forms of the root word, the Court prefers Plaintiff's proposed definition. Therefore, for the purposes of this litigation, regarding claims between Plaintiff and Zenfinity Capital, LLC, the following definition will be used:

> Companies completely or partially owned by Zenfinity Capital, LLC; companies fully or partially financed by Zenfinity Capital, LLC; companies managed or owned by any of the managers or owners of Zenfinity Capital, LLC; subsidiaries

---

[3] Again, this ruling does not apply to the designations to which Plaintiff has only recently objected (Zenfinity 241 and 282).

of Zenfinity Capital, LLC; or parent companies of Zenfinity Capital, LLC.

It is so ordered.

Dated this 19th Day of November, 2014.

                                                                 E. RICHARD WEBBER
                                                                 SENIOR UNITED STATES DISTRICT JUDGE